UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BYRON K. BREASTON, )<br>)<br>plaintiff, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, MIAMI )<br>CORRECTIONAL FACILITY, *et al.*, )<br>)<br>defendants. ) | CAUSE NO. 3:07-cv-0058 WL |

OPINION AND ORDER

Byron Breaston, a prisoner confined at the Miami Correctional Facility ("MCF"), submitted a complaint naming the MCF Superintendent, the Elkhart County Sheriff, and the Elkhart County Commissioners as defendants. Mr. Breaston entitled his complaint as a "Civil Rights Complaint under Title 42 § 1983 AND Petition for Writ of Habeas Corpus Relief." Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.

Accordingly, pro se complaints are liberally construed.

In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Breaston brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Breaston is serving sentences for theft and escape. He states that he brings this action "to ensure that his imprisonment is not illegal and does not offend his federally protected civil rights." (Complaint at p. 1). But if the remedy sought under § 1983 would require a finding or judgment that would

2

render a conviction or sentence invalid, the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). To conclude that Mr. Breaston's convictions for theft violate his federally protected rights would require a finding or judgment setting aside his convictions.

"Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Because Mr. Breaston seeks to challenge the fact of his confinement, his only federal remedy is a petition for writ of habeas corpus. If he is able to have his convictions set aside, Mr. Breaston may then file a § 1983 action seeking damages.

Mr. Breaston seeks to bring this action simultaneously under 42 § 1983 and 28 U.S.C. § 2254. But civil rights actions pursuant to § 1983 and habeas corpus petition pursuant to § 2254 may not be brought in the same action. Moreover, the Seventh Circuit has admonished district courts not to convert civil rights complaints into habeas corpus petitions. *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996). Therefore the court will dismiss this complaint without prejudice to Mr. Breaston's right to resubmit his claims

3

that his confinement violates the Constitution in a habeas corpus petition.

For the foregoing reasons, the court DISMISSES this complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The court DIRECTS that the clerk enclose the materials necessary to file a petition for writ of habeas corpus along with the copy of this order sent to the plaintiff.

SO ORDERED.

DATED: March  12 , 2007

                                             **s/William C. Lee**
                                             William C. Lee, Judge
                                             United States District Court